**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIA DE LOS DOLORES RESENDIZ MARTINEZ, | No. 22-1851 |
| | Agency No. A208-823-045 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 12, 2023**

Before:     WALLACE, LEE, and BUMATAY, Circuit Judges.

Maria De Los Dolores Resendiz Martinez, a native and citizen of Mexico,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review factual findings for substantial evidence.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We review questions of law de novo. *Id*.  We deny the petition for review.

Because Resendiz Martinez does not challenge the determination that she did not establish that she suffered past persecution, we do not address it.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the determination that Resendiz Martinez failed to establish she would be persecuted on account of a protected ground.  *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, Resendiz Martinez's asylum claim fails.  Because Resendiz Martinez failed to establish any nexus at all, she also failed to satisfy the standard for withholding of removal.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

In light of this disposition, we need not reach Resendiz Martinez's

remaining contentions regarding the merits of her claims.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts are not required to decide issues unnecessary to the results they reach).

The BIA did not err in declining to consider Resendiz Martinez's arguments regarding newly formulated particular social groups and a political opinion claim that were raised for the first time to the BIA.  *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (BIA did not err in declining to consider argument raised for the first time on appeal).

Substantial evidence supports the denial of CAT protection because Resendiz Martinez failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials Resendiz Martinez references in her opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**